**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**NELSON BOBADILLA, SANDRA
GUTIERREZ,**

               **Plaintiff,**

**-vs-**                                                 **Case No. 6:11-cv-666-Orl-28DAB**

**AURORA LOAN SERVICES, LLC,
FANNIE MAE, DOES A THRU Z,**

               **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on review of Plaintiffs' response to the Court's Order to Show Cause why the case should not be dismissed for lack of standing (Doc. Nos. 28 and 29). For the reasons set forth below, the Court finds that Plaintiffs have no standing to pursue the claims alleged in the Complaint, and, additionally, the Court has no subject matter jurisdiction over the new claim alleged in the response, and it is therefore **respectfully recommended** that the action be **dismissed.**

      As set forth in the pleadings and show cause Order in this action, and as evident in the dockets of the related matters of record, the Complaint asserts numerous theories of liability against various Defendants, all arising out of a February 2006 Promissory Note and Mortgage, and subsequent July 22, 2009 mortgage foreclosure action filed in state court against the Plaintiffs.[1] On October 19, 2010, following the October 12 sale date of the real property, Plaintiffs filed an objection to the foreclosure

---

[1] *See Aurora Loan Services,LLC v. Nelson Bobadilla, et al,* Orange County, Florida Circuit case no. 2009-CA-023571 -O.

sale in state court and a Chapter 7 Bankruptcy petition in this district. *In re: Nelson Bobadilla and Sandra Gutierrez, Debtors,* Case No. 6:10-bk-18651-ABB.[2] Plaintiffs filed a schedule in connection with the bankruptcy petition and did not list this cause of action as an asset or contingent claim. As the cause of action was not listed, there is no record of the Trustee abandoning or otherwise addressing this claim. Judge Briskman granted a discharge on February 11, 2011.

On April 11, 2011, the state court judge issued an Order denying the objections to the foreclosure sale, and directing the state court clerk to issue a certificate of title (Doc. No. 1-5, Exhibit E to the instant Complaint– herein "the state court order"). On April 13, 2011, nine days prior to filing this lawsuit, Plaintiffs filed a Chapter 13 Bankruptcy petition. *See In re: Nelson Bobadilla and Sandra Gutierrez, Debtors*, Case No. 6:11-bk-05321-ABB. Judge Briskman dismissed that case, finding that these Plaintiffs had obtained a Chapter 7 discharge on February 11, 2011, and were not entitled to receive a discharge in the subsequent Chapter 13 case.

Noting the above, the Court ordered Plaintiffs to show cause why this case should not be dismissed for lack of standing, as the instant cause of action vested as an asset in the bankruptcy estate (Doc. No. 28). In their response, Plaintiffs do not dispute the foregoing history or the applicable law, but claim that they have standing to pursue the alleged "fraud" in that "the main causes of action did not occur until April 11, 2011," citing to paragraph 32.1 of the Complaint, which reads:

> On or about April 11, 2011, defendant placed a Cloud over the title of plaintiffs property by falsely conveying title to plaintiffs real property by causing to be issued a fraudulent court instrument entitled "ORDER ON MOTION DIRECTING THE CLERK OF COURT TO ISSUE THE CERTIFICATE OF TITLE" in a foreign court with a 400 mile difference than the original court where defendant filed Its first foreclosure action against plaintiffs real property. (See Exhibit E).

---

[2]The Court takes judicial notice of matters in its bankruptcy docket, none of which are disputed by Plaintiffs in their response.

(Doc. No. 1, paragraph 32.1). Plaintiffs contend that issuance of the state court order in the foreclosure action that had been pending since 2009 was not issued until April 11, 2011, and therefore, it is "not part of the earlier bankruptcy case and could not have been included as a contingent claim." (Doc. No. 29).

The Court finds this state court order is not a "claim or cause of action" within the subject matter jurisdiction of this Court, and, even if it were, Plaintiffs have no standing to pursue it.

The allegation cited does not purport to state a cause of action and is not part of any of the numerous fraud counts specifically pled in the Complaint. *See, generally,* Doc. No. 1 at p. 2. Regardless, to the extent Plaintiffs now appear to claim some cause of action arising from their unhappiness with the state court order, such is not redressable here, even if it were properly pled. As Plaintiffs are seeking for this Court to review or interfere with a state court judgment of foreclosure, this Court lacks subject matter jurisdiction over this case pursuant to the *Rooker/Feldman* doctrine.[3] *See, e.g., Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160 (8th Cir. 1996) (affirming dismissal of complaint that was "essentially a collateral attack in federal district court on a state foreclosure judgment"); and *Bryant v. Citimortgage*, No. 6:10-cv-1206-Orl-28KRS, 2010 WL 3220331 (M.D. Fla. Aug. 13, 2010)*, citing Thompson v. Ameriquest Mortg. Co.,* No. 03 C 3256, 2003 WL 22012207, at *3 (N.D. Ill. Aug. 21, 2003) ("In essence, Plaintiff's numerous past filings, as well as her present action, all endeavor to remedy one injury-foreclosure on her home. . . Plaintiff's complaint asks us to draw a different conclusion than that reached by the [state] Circuit Court. As a consequence, we are without subject matter jurisdiction to hear Plaintiff's claims pursuant to the *Rooker-Feldman* Doctrine."), and *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 543 (E.D. N.Y. 1999) ("The claims raised in the plaintiffs' Complaint implicate the propriety of the state judgment of

---

[3]*See Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed 362 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed. 2d 206 (1983).

foreclosure and eviction—the very issues apparently decided by the state court. Because the *Rooker-Feldman* doctrine compels a federal court to give full faith and credit to the judgments of state courts, see 28 U.S.C. § 1738, this Court is without subject matter jurisdiction to hear this case.").

Moreover, even if the Court had jurisdiction and such a claim were cognizable on a collateral attack (which the Court finds is not the case), any such cause of action belongs to the bankruptcy estate and not Plaintiffs. As noted in the prior Order, when a bankruptcy case is filed, virtually all of the debtor's assets vest in the bankruptcy estate. 11 U.S.C. § 541(a)(1). Such property includes causes of actions belonging to a debtor at the commencement of a case. *In re Upshur*, 317 B.R. 446, 452 (Bankr. N.D. Ga. 2004). "Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004), *citing Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). Under 11 U.S.C. § 554, once an asset becomes part of the bankruptcy estate, the debtor's rights in the asset are extinguished unless the asset is abandoned back to the debtor. *Id.* When a bankruptcy case is closed, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceeding remains property of the estate. *Id.* Importantly, "[f]ailure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." *Id., citing Mobility Systems & Equip. Co. v. United States,* 51 Fed.Cl. 233, 236 (Fed.Cl. 2001) (citing cases) and *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 525–26 (8th Cir. 1991).

Applied here, Plaintiffs present no argument that the numerous counts pled in the Complaint, all of which pre-date the bankruptcy filing, are not vested in the bankruptcy estate. Rather, Plaintiffs focus on the date of the state court order as giving rise to a post-bankruptcy filing claim. To the extent the Response purports to cast Plaintiffs' claims as a new cause of action that only accrued on April

11, 2011, the Court is unpersuaded. Such a claim is, at best, a contingent claim (albeit, a non-cognizable claim) that plainly arose out of the already all but concluded foreclosure suit. The foreclosure sale and issuance of a certificate of title are natural and foreseeable consequences of a foreclosure action and, in fact, the foreclosure sale had already been scheduled prior to the Chapter 7 filing. Plaintiffs' contention that they were "not aware of any wrongdoing until about April 11, 2011, after the incident of the fraudulent court instrument, which triggered an investigation" (Doc. No. 29) is belied by the matters of record, including the fact that Plaintiffs filed an objection to the sale in state court the same day they filed for Chapter 7 bankruptcy protection. *See Aurora Loan Services, LLC v. Nelson Bobadilla, et al.,* Orange County, Florida Circuit case no. 2009-CA-023571 -O.[4] To the extent that there could be any claim arising out of the foreclosure action that is cognizable in federal court, as Plaintiffs have not shown that this claim was listed on the bankruptcy schedules and abandoned by the Trustee, it continues to be the property of the bankruptcy estate and Plaintiffs are without standing to pursue it here.

It is therefore **respectfully recommended** that the case be dismissed and the pending motions be denied as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 4, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[4]As Plaintiffs have tendered the April 11, 2011 state court order as evidence of their post-bankruptcy claim, the Court takes judicial notice of the entire docket of the state court case, which is a matter of public record and available electronically.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy